UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| DEBRA WARREN | * | CIVIL ACTION |
|  | * | NO. |
| Plaintiff, | * |  |
|  | * |  |
| v. | * | SECTION "   " |
|  | * | JUDGE |
| LIBERTY MUTUAL FIRE | * |  |
| INSURANCE COMPANY AND | * |  |
| MURPHY OIL USA, INC. | * |  |
|  | * | MAG. DIV. (   ) |
| Defendant. | * | MAG. JUDGE |
|  | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, come defendants, Murphy Oil-USA, Inc. ("Murphy") and Liberty Mutual Fire Insurance Company ("Liberty Mutual"), and, with a full reservation of rights, respectfully submit this Notice of Removal to the United States District Court for the Eastern District of Louisiana and aver that the captioned matter is being removed to this Court on the grounds and for the reasons set forth below:

1.

On or about July 24, 2015, the Plaintiff, Debra Warren, filed the instant civil action in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, entitled *Debra Warren verses Liberty Mutual Fire Insurance Company and, Murphy Oil USA, Inc.;* No: 2015-0002286 (the "State Court Proceeding").  (A copy of the complete state court record, including all process, pleadings, and orders is attached in accordance with 28 U.S.C. § 1446(a) as *in globo* Exhibit "A").

2.

Service was made on Defendants on August 3, 2015. *See* Exhibit "A."

## DIVERSITY JURISDICTION EXISTS

3.

According to the Petition for Damages, Plaintiff is a citizen and domiciliary of Tangipahoa Parish, Louisiana. *See* Exhibit "A," Petition, Introductory Paragraph.

4.

Defendant Murphy is a Delaware corporation with its principal place of business in Arkansas.

5.

Defendant Liberty Mutual is a Massachusetts corporation with its principal place of business in Massachusetts.

6.

Complete diversity exists between the parties because no defendant is a Louisiana citizen.

### Diversity Jurisdiction: Amount in Controversy

7.

Further, the amount in controversy can be expected, by a preponderance of the evidence and/or with reasonable certainty, to exceed $75,000.00, exclusive of interest and costs.  In her Petition, Plaintiff alleges that she fell at a Murphy-owned service station located at 2805 West Thomas Street, City of Hammond, Parish of Tangipahoa, State of Louisiana.  Exhibit "A," Petition ¶¶ III-IV.  As a result, Plaintiff claims to have suffered "severe and debilitating injuries." Exhibit "A," Petition ¶ XI.  Plaintiff further alleges various damages, including: past, present and future medical expenses; past, present and future mental anguish and emotional pain;

past, present and future physical pain and suffering; loss of the enjoyment of life (hedonic damages); and other injuries and damages which will be shown at trial.  Exhibit "A," Petition ¶ XII.  Plaintiff has also sued Liberty Mutual as the alleged liability insurer of Murphy.  Exhibit "A," Petition at ¶ XIV.

8.

Given the extent of Plaintiff's alleged injuries and damages, it is facially apparent from the Petition for Damages that the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See, e.g., Gebbia v. Wal-Mart, Inc.*, 233 F.3d 880 (5th Cir. 2000) (The plaintiff alleged that she sustained injuries to her right wrist, left knee and patella, and upper and lower back after falling in the defendant's store, and claimed damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement. The court held that it was facially apparent that the plaintiff's allegations exceeded $75,000); *Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226 (5th Cir. 2002) (same); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Broussard v. Celebration Station Properties, Inc*., CIV.A. 13-531-JJB, 2014 WL 1402144, at *4 (M.D. La. Apr. 10, 2014) (observing that "[t]he plaintiff also alleges 'mental anguish and emotional distress,' which the Fifth Circuit has noted, along with allegations of functional impairments or disability, may support a 'substantially larger monetary basis for federal jurisdiction'") (quoting *Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir.1999)).

9.

In further support of this Notice of Removal and the facially apparent amount in controversy exceeding $75,000, Murphy and Liberty Mutual further submit that Plaintiff has not

alleged that the amount in controversy is less than the requisite amount for the exercise of federal jurisdiction, as is required by Louisiana Code of Civil Procedure Article 893 (if such were in fact the case).  "The absence of such a statement in the Petition may be considered in determining whether the amount in controversy is sufficient." *Broussard v. Celebration Station Properties, Inc.*, CIV.A. 13-531-JJB, 2014 WL 1402144, at *4 (M.D. La. Apr. 10, 2014).  In fact, "by failing to allege that [her] damages were insufficient to satisfy the federal jurisdictional minimum, plaintiff[] ha[s], in effect, conceded by [her] state court pleadings that the requisite jurisdictional amount is in controversy[,] creat[ing] a 'strong presumption' in favor of jurisdiction." *Bruce v. Fisher*, 2006 WL 2505908, at *1 (W.D. La. July 13, 2006).

10.

Accordingly, this Court has original jurisdiction over this action, and this case may be properly removed to this Court pursuant to 28 U.S.C. § 1441(a), in that the captioned matter is a "civil action[] where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).

### ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE OTHERWISE SATISFIED

11.

As shown in the citations included as part of the state court record in Exhibit "A," Murphy and Liberty were served through its agent for process on August 3, 2015.  In accordance with 28 U.S.C. §§ 1441 and 1446, this Notice of Removal is timely, as it has been filed no more than thirty (30) days after service on the first defendant and within one year of the initial filing of the suit.

12.

The United States District Court for the Eastern District of Louisiana encompasses Tangipahoa Parish, the parish in which the State Court Proceeding is now pending.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).

13.

Additionally, Murphy and Liberty Mutual have provided notice to the Clerk of Court for the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, through the filing of this Notice of Removal and a Notice of Filing of Notice of Removal into the record of the State Court Proceeding and have further notified Plaintiff by delivery of same to his counsel of record.  (The Notice of Filing of Notice of Removal is attached hereto as Exhibit "B").

14.

Pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in this Court and the filing of same with the state court serves immediately to confer upon this Court exclusive jurisdiction over this action and simultaneously to divest the state court of jurisdiction with respect to this action.

15.

Murphy Oil and Liberty Mutual specifically reserve their right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants Murphy Oil and Liberty Mutual respectfully pray that this matter be removed to the United States District Court for the Eastern District of Louisiana for further proceedings and disposition.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY:     _s/Elizabeth A. Rutledge_
         ROBERT S. EMMETT, T.A. (#23725)
         ELIZABETH A. RUTLEDGE (#35994)
         201 St. Charles Avenue, Suite 3600
         New Orleans, Louisiana  70170
         Telephone:  (504) 566-5200
         Facsimile:  (504) 636-4000
         remmett@bakerdonelson.com
         erutledge@bakerdonelson.com

**ATTORNEYS FOR MURPHY OIL-USA, INC.
AND LIBERTY MUTUAL FIRE INSURANCE
COMPANY**

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on this the 2nd day of September, 2015, a copy of the foregoing was served upon counsel of record via facsimile transmission, electronic mail and/or by placing same in the United States Mail, in a properly addressed envelope, with first-class postage pre-paid.

         _s/Elizabeth A. Rutledge_
         Elizabeth A. Rutledge