UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEBRA WARREN                                              CIVIL ACTION

VERSUS                                                    NO. 15-4033

LIBERTY MUTUAL FIRE INSURANCE COMPANY, ET                 SECTION A(3)
AL.


<u>**ORDER AND REASONS**</u>

Before the Court is a **Motion to Remand (Rec. Doc. 7)** filed by Plaintiff Debra Warren. Defendants oppose the motion. The motion, set for submission on December 2, 2015, is before the Court on the briefs without oral argument. For the following reasons, the motion is **GRANTED**.

**I.      Background**

This matter arises out of a slip-and-fall that occurred at a gas station owned by Defendant Murphy Oil. (Rec. Doc. 1-2). According to Plaintiff's complaint, she sustained severe and debilitating injuries and seeks damages for the following: past, present, and future physical pain and suffering; past, present, and future mental anguish and emotional pain; past, present, and future medical expenses; loss of enjoyment of life; and "other injuries and damages which will be shown at trial." (*Id.* at 6). Defendants removed this action to this Court on September 2, 2015, on the basis of diversity jurisdiction. (*Id.*) In the instant motion, Plaintiff seeks to remand this case, asserting that Defendants have failed to present evidence showing that the amount in controversy here exceeds $75,000. (Rec. Doc. 7-1).

**II.     Analysis**

The Fifth Circuit has articulated an analytical framework "for evaluating jurisdiction for cases filed in Louisiana state courts, with no monetary amount of damages asserted, when they are

1

removed to federal court on the basis of diversity." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). "In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.* (citing *Luckett*, 171 F.3d at 298). "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Id.* (citing *Luckett*, 171 F.3d at 298).

*Simon* is instructive here. In *Simon*, the Fifth Circuit found that it was not facially apparent that the plaintiff's claims likely exceeded $75,000. *Id.* at 851. The *Simon* plaintiff's claims arose out of an incident that occurred in a Wal-Mart parking lot. *Id.* at 849-50. As the plaintiff was walking through the lot, a car drove past her and someone grabbed her purse, causing her to be dragged alongside the car across a distance of several parking spaces. *Id.* The plaintiff alleged "bodily injuries and damages including but not limited to a severely injured shoulder, soft-tissue injuries throughout her body, bruises, abrasions and other injuries to be shown more fully at trial." *Id.* She also alleged that she "incurred or will incur medical expenses," and her co-plaintiff alleged damages for loss of consortium. *Id.*

The Fifth Circuit case of *Gebbia v. Wal-Mart Stores, Inc.*, is also instructive. *Gebbia*, 233 F.3d 880 (5th Cir. 2000). *Gebbia* involved a slip-and-fall. *Id.* at 881. The plaintiff alleged that she "sustained injuries to her right wrist, left knee and patella, and upper and lower back." *Id.* at 883. She alleged "damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability

and disfigurement." *Id.* The court wrote that "[s]uch allegations support a substantially larger monetary basis to confer removal jurisdiction than the allegations reviewed in *Simon*." *Id.*

The Court finds that the damages in the instant case are more akin to the damages in *Simon* than those in *Gebbia*. In *Simon*, the plaintiff suffered injuries from being briefly dragged alongside a car. In *Gebbia*, the plaintiff alleged "permanent disability and disfigurement," suggesting a severe slip-and-fall. Although Plaintiff here suffered a slip-and-fall, the complaint does not allege permanent disability or an equally grievous injury. Thus, the Court finds that Defendants have not met their burden of showing that the injuries are likely above $75,000.

Accordingly;

**IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED**.

January 6, 2016

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE